IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | | |
|---|---|---|
| PURAYR, LLC, | : | CIVIL ACTION |
| Plaintiff, | : | Case No.: **5:16-cv-00047** |
| v. | : | |
| | : | Honorable Elizabeth K. Dillon |
| PHOCATOX TECHNOLOGIES, LLC, et als., | : | |
| | : | **HEARING REQUESTED** |
| Defendants. | : | |

### BRIEF IN SUPPORT OF MOTION TO REMAND

Plaintiff, PurAyr, LLC, by counsel, states as follows for its Brief in Support of its Motion to Remand.

### FACTS

The plaintiff filed this action seeking compensatory, presumed, punitive, and treble damages for defamation, tortious interference with a contract, tortious interference with business expectancies, and common law and statutory business conspiracy arising from the defendants acts and conduct in violation of the plaintiff's rights under Virginia law.  The Court has jurisdiction in this matter based on diversity of the parties pursuant to 28 U.S.C. § 1332.  There is no federal question at issue.

The plaintiff is a Virginia limited liability company that manufactures, distributes, advertises, and sells odor removal technology, including the PurAyr R-15 device (the "Device").  The plaintiff also provides odor removal services using the Device.  Defendant Phocatox also manufactures and distributes odor removal technology and is a business competitor of the plaintiff.  Defendants Bryan Redding and Redding Law, LLC, are the attorneys for Defendant Phocatox.

This action arises out of a series of letters and other statements published by the defendants in the United States and Canada to the plaintiff's customers and potential customers

making various defamatory statements, including but not limited to statements that the Device is "unregistered" and "unsafe," and that persons may be subject to substantial fines and other legal action for using the Device. The Device has undergone extensive safety testing and has all necessary approvals.

On May 27, 2016, the plaintiff filed its Complaint in Rockingham County Circuit Court. Service on all of the defendants was made on the Secretary of the Commonwealth on June 2, 2016. Service papers were forwarded by the Secretary of the Commonwealth to all of the defendants via certified mail on June 7, 2016. The Secretary of the Commonwealth's Certificates of Compliance were filed in the Rockingham County Circuit Court on July 13, 2016. The defendants filed responsive pleadings in Rockingham County Circuit Court on August 3, 2016, and filed a Notice of Removal in this Court on August 11, 2016.

## ARGUMENT

### I. Standard of Review

Federal removal statutes are strictly construed against the exercise of removal, "especially insofar as it is based on the diversity jurisdiction of the federal courts." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006) (citing *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002)). All doubts must resolved in favor of remanding the case to state court. *Creekmore v. Food Lion, Inc.,* 797 F. Supp. 505, 508 (E.D. Va. 1992) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). The defendant always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

The plaintiff has 30 days after the filing of the defendants' Notice of Removal within which to file a Motion to Remand the case on the basis of any defect. 28 U.S.C. § 1447(c). Here, the Motion was timely filed.

### II. Defendants' Notice of Removal was Not Timely Filed

The plaintiff submits that the defendants have failed to meet their burden. Notice of Removal in a civil action must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the Complaint. 28 U.S.C. § 1446(b); *Murphy Bros v. Michetti Pipe Stringing*, 526 U.S. 344 (1999). Courts do not have the authority to extend the 30-day period for filing a notice of removal and do not have discretion to retain jurisdiction "in the face of a timely challenge to the timeliness of removal." *Stone St. Capital v. McDonald's Corp.*, 300

F. Supp.2d 345, 351 (S.D. Md. 2003). In *Stone St. Capital*, the defendant attempted to file its notice of removal electronically on the 30th day of the 30-day period, but was unable to file its notice of removal due to computer difficulties. The court remanded the case to state court, despite the fact that defendant filed its notice of removal during the early morning hours of the 31st day. Here, the defendants filed the Notice of Removal over 30 days after the time period set forth in 28 U.S.C. § 1446 had already expired.

    A. <u>Defendants Were Served With Process On June 2, 2016</u>

In paragraphs three and four of their Notice of Removal, the defendants assert that the date which triggered the 30-day time period for filing their Notice of Removal was "service of the Summons and Complaint … deemed effective on the date that the Secretary's Certificate of Compliance is filed in the Circuit Court." [Doc. No. 1]. The Certificates of Compliance were filed by the Secretary of the Commonwealth with the Circuit Court of Rockingham County on July 13, 2016. As support, the defendants cite *Guyon v. Basso*, 403 F. Supp.2d 502 (E.D. Va. 2005). The *Guyon* case, which was decided in 2005, cites Virginia Code § 8.01-329 as authority for the conclusion that service is effective on the date of the filing of the Certificates of Compliance. However, the defendants' claims are not supported by the specific wording of the statutory language in effect to date. After *Guyon* was decided in 2005, Virginia Code § 8.01-329 was amended in 2013 to specifically provide that "such service shall be sufficient upon the person to be served *and shall be effective on the date when service is made on the Secretary*." (italics denote the language that was added in 2013). Furthermore, the effective date of service through the Secretary of the Commonwealth was not a contested issue in *Guyon*. *Guyon v. Basso* 403 F. Supp.2d at 504. The 2013 amendment to Virginia Code § 8.01-329 renders the *dicta* in *Guyon* inapposite.

Under Virginia's long-arm statute, out-of-state defendants shall be deemed to have appointed the Secretary of the Commonwealth as their statutory agent for service of process. Virginia Code § 8.01-329(A). Service under the long-arm statute is effective "on the date when service is made on the Secretary of the Commonwealth." Virginia Code § 8.01-329(C). This rule regarding service is compatible with and reinforced by traditional principals of agency, under which, "so far as third persons are concerned, notice to an agent is notice to his principal, even though the agent has not in fact communicated such notice." *See*, *e.g. State Bank of Pamplin v. Payne*, 156 Va. 837, 843 (1931).

In this case, service was made on the Secretary of the Commonwealth, as the agent for the defendants on June 2, 2016. Thus, the 30-day period for the defendants to file a Notice of Removal ended on July 5, 2016.  The defendants' Notice of Removal was filed August 11, 2016, 37 days late; and therefore, untimely filed.

B.  Defendants Actually Received a Copy of the Complaint on or around June 10, 2016

Although there is no binding precedent by the Supreme Court or Fourth Circuit on point, some district courts have held that, when service is on a statutory agent, the 30-day period for a defendant to file its notice of removal is not triggered by service of process on the statutory agent but is instead triggered by the defendant's receipt of a copy of the complaint. *See*, *e.g. White v. Lively*, 304 F. Supp.2d 829 (W.D. Va. 2004) (decided prior to amendments to Virginia Code § 8.01-329).  Other courts have held that the time for removal begins on the date the statutory agent mails the complaint to a defendant. *See, e.g., Masters v. Nationwide Mutual Fire Ins. Co.*, 858 F. Supp. 1184, 1186 (M.D. Fla. 1994).

Notably, the plaintiff is not aware of any decision interpreting the timeframe for removal in Virginia since the amendment in 2013 to Virginia Code § 8.01-329(C), discussed *supra,* stating that "such service shall be sufficient upon the person to be served and shall be effective on the date when service is made on the Secretary."  Thus, the plaintiff maintains that the June 2, 2016, service on the Secretary of the Commonwealth began the 30-day period for filing a Notice of Removal.  However, the defendants' Notice of Removal in this case was untimely even if the 30-day period for filing a Notice of Removal was triggered upon receipt of a copy of the Complaint or upon mailing of a copy of the Complaint by the Secretary.

The Secretary of the Commonwealth mailed a copy of the Complaint to each of the defendants on June 7, 2016. Copies of the Certificate of Compliance from the Secretary of the Commonwealth are attached hereto and incorporated herein as Exhibit 1.  Accordingly, all of the defendants should have received a copy of the Complaint on or around June 10, 2016.  For the defendants' Notice of Removal to be timely under the *White* case, the defendants would have to assert that they did not receive a copy of the Complaint until July 12, 2016, more than a month after the three copies of the Complaint were mailed to the defendants.  This is extremely unlikely.

The rationale behind the rule in *White* and other cases is that the defendant should have the opportunity to examine the complaint to ascertain whether removal is appropriate; thus, the

time during which the statutory agent's office processes the Complaint should not count against the defendant.  In this case, the defendants had ample time to examine the Complaint and file a Notice of Removal.  All of the defendants were aware of the Complaint, as all of the defendants filed responsive pleadings to the Complaint.  The defendants should not be entitled to more than two months after the mailing of the complaint by the Secretary of the Commonwealth during which to file a Notice of Removal.

Although the plaintiff does not know the precise day each of the defendants received a copy of the Complaint, the burden is on the defendants to present evidence as to this point and to prove that their Notice of Removal was timely filed.  The defendants' Notice of Removal fails to meet this burden, and any doubts must be resolved in favor of remanding the case to state court.

### III. Plaintiff Should be Entitled to Recover Attorney's Fees and Costs

The plaintiff seeks to recover its attorney's fees and costs incurred as a result of removal. The federal code section governing remand authorizes this relief, and provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of removal." 28 U.S.C. § 1447(C).  In *Martin v. Franklin Capital Corp.*, the United States Supreme Court held that an award of fees under 28 U.S.C § 1447(C) turns on the reasonableness of the filing of the notice of removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).  The Court summarized the justification for awarding costs and fees as follows:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. *Martin v. Franklin Capital Corp.*, 546 U.S. at 140.

The House Judiciary Committee notes from the drafting of 28 U.S.C § 1447(C) state that its purpose is:

> [T]o ensure that the court may order payment of actual expense caused by an improper removal.  As noted above, this provision would replace the bond provision now set out in section 1446(d), which covers payment of 'all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed.' *Draper*

5

*v. Mr. Crescent City, LLC (In re Crescent City Estates)*, No. MJG-08-2640, 2008 U.S. Dist. LEXIS 100778, at 10 (D. Md. Dec. 9, 2008).

Particularly when viewed as part of the larger context of this case, the defendants' late filing of the Notice of Removal appears to have been designed to delay the litigation and impose costs on the plaintiff. In the Harrisonburg-Rockingham Circuit Court, Defendants' responsive pleadings were filed during the late afternoon on the last possible day, August 3, 2016. In that Court, Defendant Phocatox filed a Motion for Leave to File a Counterclaim, requesting an extension until August 19, 2016. On August 19, 2016, after filing its Notice of Removal, Defendant Phocatox again requested additional time, and was granted an extension until September 2, 2016. In its Motion for Leave to File a Counterclaim and Memorandum in Support, Phocatox provided no explanation or justification whatsoever for its dilatory behavior. All of the defendants have had actual notice of the details of the plaintiff's claim and of this lawsuit since at least on or around June 10, 2016. The plaintiff's counsel has repeatedly requested information concerning Phocatox's alleged claim, and Phocatox has failed to provide any substantive information to the plaintiff.

The defendants' Notice of Removal was filed more than a month late. The defendants' assertion that service is effective upon the filing of the Secretary of the Commonwealth's Certificate of Compliance is incorrect and simply ignores the express language of Virginia Code § 8.01-329(C), which states that service is effective "on the date when service is made on the Secretary of the Commonwealth." The defendants had ample time and opportunity to examine the statutory law and case law pertaining to when a Notice of Removal should be filed, and the plaintiff should be awarded its attorneys' fees and costs incurred as a result of removal.

## CONCLUSION

The defendants have the burden of establishing that removal is proper and have failed to meet that burden. The defendants were served with process on June 2, 2016, and under 28 U.S.C. § 1446(b), had until July 5, 2016, to file their notice of removal. Even under legal theories more favorable to the defendants, the 30-day period for filing their notice of removal expired at some point during the first half of July. The defendants did not file their notice of removal until August 11, 2016. The facts of this case support that remand is not inequitable. Any doubt as to whether removal is proper must be resolved in favor of remanding the case to

state court. This case should be remanded to state court pursuant to 28 U.S.C. § 1446(c), and the plaintiff should be allowed to recover its attorney's fees and costs incurred as a result of removal.

**PURAYR, LLC**
*By Counsel*

**LITTEN & SIPE L.L.P.**

By: /S/ Melisa G. Michelsen
     Melisa G. Michelsen
     Jordan B. Bowman

Virginia State Bar No. 40001
Virginia State Bar No. 87336
410 Neff Avenue
Harrisonburg, Virginia 22801-3434
Telephone (540) 434-5353
Facsimile (540) 434-6069
Melisa.Michelsen@littensipe.com
Jordan.Bowman@littensipe.com

    *Counsel for Plaintiff*

**CERTIFICATE**

I certify that on the 29th day of August, 2016, I electronically filed the forgoing Motion for Remand with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Brian K. Brake, Esq. (VSB 33287)
Andrew S. Baugher, Esq. (VSB 74663)
Lenhart Pettit, PC
90 North Main Street, Suite 201
Post Office Box 1287
Harrisonburg, Virginia 22803

    *Counsel for Defendants*

                            /S/ Melisa G. Michelsen
                              *Counsel for Plaintiff*