IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| PURAYR, LLC, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 5:16-cv-00047 |
| PHOCATOX TECHNOLOGIES, LLC, *et al.*, | ) By: Elizabeth K. Dillon |
|     Defendants. | ) United States District Judge |

**MEMORANDUM OPINION**

This case is before the court on plaintiff PurAyr, LLC's (PurAyr) motion to remand and request for fees pursuant to 28 U.S.C. § 1447(c). A hearing was held on October 13, 2016, at which the court requested supplemental letters from the parties. Having considered the parties' briefs, oral arguments, and supplemental letters, as well as the applicable law, the court finds that the defendants' notice of removal was not timely filed and will remand this case to state court.

I. BACKGROUND

The primary dispute in this case is whether defendants' notice of removal was timely filed. As explained in more detail below, in order to be timely, the notice must have been filed "within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b).

PurAyr is a Virginia limited liability company, with only Virginia resident members, which manufactures, distributes, advertises, and sells odor removal technology. (Compl. ¶¶ 1–2, Dkt. No. 1-1.) Defendants, all non-Virginia residents, are Phocatox Technologies, LLC (Phocatox), and its attorneys Bryan Redding (Redding) and Redding Law, LLC (Redding Law) (collectively defendants). On May 27, 2016, PurAyr filed its complaint in the Circuit Court of

1

Rockingham County, Virginia, asserting claims of defamation, tortious interference with contract and business expectancies, and common law and statutory business conspiracy. (*See generally* Compl.)

PurAyr served defendants through the Secretary of the Commonwealth on June 2, 2016, pursuant to Virginia Code § 8.01-329(C). (Pl. Br. Ex. 1, Dkt. No. 14-1.) The Secretary forwarded the complaint and summons by certified mail to each of the defendants on June 7, 2016. (*Id.*); *see* Va. Code §8.01-329(C)(2). Based on this mailing date, and tracking information including certified mail receipts showing that two pieces of mail were signed for at the address for Redding and Redding Law on June 10, 2016,[1] PurAyr contends that all defendants received the certified mail on or around June 10, 2016. (Pl Br. 4; Pl. Reply Br. Ex. 2, Dkt. No. 24-2.) PurAyr has not produced tracking information for the mail sent to Phocatox, and defendants claim that none of them received certified mail from the Secretary. (Redding Aff., Dkt. No. 23-3; Brodowicz Aff., Dkt. No. 23-4).

On July 13, 2016, the Secretary filed Certificates of Compliance in the circuit court (Def. Br. Ex. 1 at 1–3, Dkt. No. 23-1), triggering defendants' time to file responsive pleadings under Virginia Code § 8.01-329(C). Defendants filed responsive pleadings, including an answer, demurrer, and motion to dismiss, on August 3, 2015. (*See* Notice of Removal, Dkt. Nos. 1-5–1-10.) On August 11, 2016, defendants filed a notice of removal based on diversity of citizenship.[2] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1332. The notice alleges that removal was timely because service was effectuated on July 13, 2016, the date of the Certificate of Compliance filing.

---

[1] Although service was apparently addressed incorrectly—Redding and Redding Law are located at 484 East Carmel Drive, not 384 East Carmel Drive (*See* Pl. Reply Br. Ex. 1, Pl. Br. Ex. 1)—PurAyr's tracking information shows that the documents were signed for at the correct address. (Pl. Reply Br. Ex. 2.)

[2] The parties do not dispute complete diversity or that the amount in controversy is sufficient for diversity jurisdiction. (*See generally* Compl.; Notice of Removal ¶¶ 8–12.)

2

Defendants cite to the case of *Guyon v. Basso,* 403 F. Supp. 2d 502 n.1 (E.D. Va. 2005), in support of this allegation.

PurAyr moved to remand, arguing that defendants' notice of removal was not timely filed. (Mot. Remand, Dkt. No. 13.) PurAyr notes that Virginia Code § 8.01-329 was amended in 2013 to provide that service "shall be effective on the date when service is made on the Secretary." The old version of the statute—under which *Guyon* was decided—provided that service was effective on the date the Certificate of Compliance was filed.

## II.  DISCUSSION

### A.  Remand standard

The removal of cases over which the district courts of the United States have original jurisdiction is authorized by 28 U.S.C. § 1441. When removal jurisdiction is proper, defendants seeking removal must file a notice of removal in the district court "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Where there is more than one defendant, each has "30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice or removal." 28 U.S.C. § 1446(b)(2)(B). Furthermore, "[i]f defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C).

The burden of establishing that removal is timely rests with the defendant. *Tucci v. Hartford Fin. Servs. Grp., Inc.*, 600 F. Supp. 2d 630, 634 (D.N.J. 2009); *Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 845 (S.D. W. Va. 2008); *see also Mulcahey v. Columbia Organic Chems.*

*Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (noting that the burden of proving removal jurisdiction rests with the party asserting it). Because removal implicates "significant federalism concerns," *Dixon v. Coburg Dairy*, 369 F.3d 811, 816 (4th Cir. 2004) (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994)), removal statutes are strictly construed, and courts should resolve doubts about the propriety of removal in favor of remand. *Guyon*, 403 F. Supp. 2d at 505. "[F]ailure to comply with the 30-day limit [of § 1446(b)] is grounds for immediately remanding a removed case to state court." *FHC Options v. Security Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998) (citing *N. Ill. Gas Co. v. Airco, Inc.*, 676 F.2d 270, 273 (7th Cir. 1982)); *see Guyon*, 403 F. Supp. 2d at 505 ("Failure . . . to comply with the procedural requirements for removal is an adequate ground for remand to state court.").

### B. Analysis

The sole issue before the court is whether defendants' notice of removal was timely—that is, whether it was filed within 30 days of "receipt . . . of the initial pleading" as required by § 1446(b). To resolve this issue, the court must determine at what point defendants' statutory removal period began to run. Defendants argue that their removal period began on July 13, 2016, the date the Certificates of Compliance were filed in the circuit court. (Def. Br. 8); *see* Va. Code § 8.01-329(C). PurAyr suggests two other possibilities: (1) June 2, 2016, the date of service under Virginia Code § 8.01-329(C), and (2) June 10, 2016, the date PurAyr contends the certified mail from the Secretary was delivered to Redding and Redding Law. (Pl. Reply Br. Ex. 2.)

Several well-established principles of law guide the court's inquiry. First, because service of process is ordinarily necessary for personal jurisdiction, and defendants are "not obligated to engage in litigation unless notified of the action, and brought under a court's

4

authority, by formal process," formal service under state law is necessary to start the removal clock.[3] *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347–48 (1999). That is so even where defendants actually received a copy of the complaint prior to service. *Id.* at 353–54 (finding informal receipt of a pre-service "courtesy copy" of a complaint insufficient to start the removal period); *see also Guyon*, 403 F. Supp. 2d at 508 n.10.

Second, this court has agreed with the overwhelming majority of other courts that, where a defendant is served through a statutory agent, the removal period starts when the defendant actually receives a copy of the complaint. *See White v. Lively*, 304 F. Supp. 2d 829, 831 (W.D. Va. 2004); *see also Renaissance Mktg. v. Monitronics Int'l, Inc.*, 606 F. Supp. 2d 201, 206 n.1 (D.P.R. 2009) (collecting cases). The Fourth Circuit, albeit in an unpublished decision, has agreed with this principle. *See Gordon v. Hartford Fire Ins. Co.*, 105 F. App'x 476, 480 (4th Cir. 2004) (per curiam) ("[W]hen service is effected on a statutory agent . . . the time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint.") (quoting *Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 673 (S.D. W. Va. 2002)). This approach "makes abundant sense, as the defendant's right to a federal forum ought not to depend upon the rapidity and accuracy with which statutory agents inform their principals of the commencement of litigation against them." *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247 (S.D.N.Y. 2000) (quoting *Cygielman v. Cunard Line Ltd.*, 890 F. Supp. 305, 307 (S.D.N.Y. 1995)); *accord Tucci*, 600 F. Supp. 2d at 634 (discussing the rationale for this rule); *see Murphy Bros.*, 526 U.S. at 351–52 (noting that § 1446(b) is designed to ensure that defendants' right to remove cannot expire before receipt of the complaint).

---

[3] That is not to say that service is an absolute prerequisite to removal where, for example, a defendant consents to personal jurisdiction by filing a notice of removal prior to service. *E.g., Novak v. Bank of N.Y. Mellon Trust Co., NA.*, 783 F.3d 910, 912 (1st Cir. 2015).

5

Based on these principles, defendants' window for removing this case to federal court began to run when they had both (1) formal service, bringing them within the court's authority; and (2) actual receipt of the complaint, putting them on notice that they case was removable. Because defendants were served on July 2, 2016, more than 30 days before filing their notice of removal, and because they have not carried their burden of proving that they filed their notice of removal within 30 days of receiving an initial copy of the complaint, remand is appropriate here.

Under Virginia Code § 8.01-329(C), service upon a defendant through the Secretary of the Commonwealth is "effective on the date when service is made on the Secretary." The Certificates of Compliance indicate, and defendants do not dispute, that service papers were delivered to the Secretary of the Commonwealth on July 2, 2016. (Pl. Br. Ex. 1.) Accordingly, defendants were brought within the court's authority as required by *Murphy Brothers* on that date. *See Hackworth v. Bryan*, No. 3:11-cv-728, 2012 U.S. Dist. LEXIS 3659, at *8 n. 3 (E.D. Va. Jan. 12, 2012) (noting that actual receipt of the pleadings is not necessary when service is made pursuant to Va. Code § 8.01-329).

Although their reliance on *Guyon* was clearly misplaced,[4] defendants nevertheless contend that service was only effective when the Certificates of Compliance were filed in the circuit court, even under the amended statute. Defendants argue that the statutory context of Virginia Code § 8.01-329 and the Supreme Court's holding in *Murphy Brothers* compel this conclusion. The court will take these arguments in turn.

First, defendants claim that this interpretation is necessary to reconcile Virginia Code § 8.01-329(C) with Virginia Code § 8.01-326.1, which makes service upon statutory agents effective when the Certificate of Compliance is filed. While § 8.01-326.1 provides a general rule

---

[4] Because compliance with the 30-day requirement of § 1446(b) is not a jurisdictional allegation, *see FHC Options*, 993 F. Supp. at 380, defendants' failure to properly allege it in their notice of removal does not independently require remand.

6

of service applicable to statutory agents, *see, e.g.*, *White*, 304 F. Supp. 2d at 830 (applying § 8.01-326.1 to the Commissioner of the DMV), § 8.01-329(C) carves out a specific exception for service upon the Secretary of the Commonwealth. Whatever the General Assembly's reason for making service on the Secretary effective at delivery, or for distinguishing between the Secretary and other statutory agents, these statutes can be harmonized. *See In re Wright*, 826 F.3d 774, 779 (4th Cir. 2016) ("A commonplace of statutory construction is that the specific governs the general. Along these lines, a general provision should not be applied when doing so would undermine limitations created by more specific provisions.") (internal quotations omitted). Accordingly, the court will not depart from the plain language of Virginia Code § 8.01-329(C). *See, e.g.*, *RCI Tech. Corp. v. Sunterra Corp. (In re Sunterra Corp.)*, 361 F.3d 257, 265 (4th Cir. 2004) (describing principles of statutory interpretation).

Second, defendants argue that because the certificates trigger their obligation to file responsive pleadings under Va. Code § 8.01-329(C), defendants were not "within the court's authority" until the certificates were filed. Therefore, defendants suggest, the removal period could not precede the Certificates of Compliance under *Murphy Brothers*. In *Murphy Brothers*, the Supreme Court addressed whether a pre-service "courtesy copy" of a complaint could start the removal period under § 1446(b). Recognizing that formal service is ordinarily necessary for personal jurisdiction over a named defendant, the Court determined that a defendant's obligation to remove can arise only once they are brought within the court's authority by formal service in accordance with state law. 526 U.S. at 347–48, 350. Because the *Murphy Brothers* defendants had not been served when they received their "courtesy copy" of the complaint, that event could not trigger their statutory removal period. *Id.* at 347–48.

7

At the heart of *Murphy Brothers* is the "bedrock principle" that a defendant is not obligated to litigate until brought within the court's authority. *Id.* at 347. However, defendants here were brought within the state court's authority, by formal service on the Secretary, over a month before the certificates were filed. While those certificates trigger a defendant's obligation to file responsive pleadings in state court, *see* Va. Code § 8.01-329(C), they are not a jurisdictional prerequisite to litigation like formal service. *See Murphy Bros.*, 526 U.S. at 350 (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Accordingly, *Murphy Brothers* does not require the date the certificates were filed to trigger the removal period.

Service was effective on July 2, 2016, over two months before defendants filed their notice of removal. Accordingly, defendants' removal was timely only if they have carried their burden of showing that they actually received the complaint less than 30 days before filing their notice.

In response to PurAyr's motion to remand, defendants submitted affidavits asserting that they never received the summons and complaint sent from the Secretary. Therefore, defendants argue, their removal period has not yet started to run. (Def. Br. Opp. 10–11, Dkt. No. 23.) However, as discussed below, these affidavits are insufficient to carry defendants' burden of proving that their removal was timely here.

First, Redding's affidavit—submitted for Redding and Redding Law—asserts that he "never received nor signed for a certified mail return receipt item from the Secretary of the Commonwealth of Virginia." (Redding Aff. ¶ 12.) However, Redding was not required to receive or sign for that mail personally in order to start the removal clock. Unlike a statutory agent, receipt by an appointed agent constitutes receipt by the party for purposes of the § 1446

8

Case 5:16-cv-00047-EKD   Document 29   Filed 12/08/16   Page 8 of 11   Pageid#: 416

removal period.  *Denny v. Ill. Nat'l Ins. Co.*, No. 10-cv-676, 2010 U.S. Dist. LEXIS 131747, at *12 (N.D. Okla. Dec. 13, 2010); *see White*, 304 F. Supp. 2d at 831 n. 3 (noting that, although the policies of § 1446 makes the removal period begin upon actual receipt of suit papers when service is made upon statutory agents, the policies do not apply the same way when service is made on designated agents); *Hardy v. Square D Co.*, 199 F. Supp. 2d 676, 682–83 (N.D. Ohio 2002) (noting that the removal clock starts upon receipt by an appointed agent); *Witzel v. 1969, Inc.*, 11 F. Supp. 2d 684, 689.  The return receipts produced by PurAyr show that the certified mail was signed for at the proper address for Redding and Redding Law, and Redding has not established that no one at that address was authorized to sign for the mail on his behalf.  Accordingly, Redding and Redding Law have not carried their burden of showing that they did not receive service on June 10, 2016.  *See Simpson v. JIK Cayman Bay Exch. LLC*, No. 3:13-cv-3263, 2014 U.S. Dist. LEXIS 30245, at *24–25 (N.D. Tex. Mar. 7, 2014) (finding removal not timely in analogous circumstances).

Phocatox's affidavit is sufficient in this respect.  The affidavit from Mark Brodowicz asserts that "[n]o individual *or agent* of Phocatox" ever received the certified mail from the Secretary.  (Brodowicz Aff. ¶ 5 (emphasis added).)  However, the dispositive question here is not at what point Phocatox received the service documents via mail from the Secretary: it is at what point Phocatox received, "through service or otherwise, . . . a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  Even assuming that Phocatox did not receive the mail from the Secretary, it clearly received the complaint at some point—it filed a timely answer, other responsive pleadings, and a notice of removal which included that complaint.  (*See generally* Notice of Removal.)  Brodowicz's affidavit, which merely denies receiving certified mail, is thus insufficient to show

9

that Phocatox received its initial copy of the complaint within 30 days of filing its notice of removal.

Accordingly, the court lacks sufficient information to determine that defendants' notice of removal was timely. Because defendants bear the burden of proving that their removal was timely, and because this court must resolve doubts about the timeliness of removal in favor of remand, the court will remand this case.

### C. Attorney fees

PurAyr also seeks costs and attorney's fees under 28 U.S.C. § 1447(c). As the Supreme Court has stated:

> [T]he standard for awarding fees should turn on the reasonableness of removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Though the court concludes that defendants' removal was untimely, it is a "close question." *See id.* Because of recent amendments, there is minimal case law analyzing the current version of Virginia Code § 8.01-329(C), and none applying it in this context. Because defendants' positions on the proper application of that statute and § 1446(b) are objectively reasonable, the court declines to award fees.

### III. CONCLUSION

For the foregoing reasons, PurAyr's motion to remand will be granted, and this case will be remanded to state court and stricken from the active docket of this court. An appropriate order will be entered.

The clerk shall serve copies of this memorandum opinion and the accompanying order on all parties of record.

Entered: December 8, 2016.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge